VENABLE LLP
Ben D. Whitwell (SBN 138426)
Email: bwhitwell@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

Eric A. Prager (*pro hac vice* pending)
Email: eaprager@venable.com
1270 Avenue of the Americas
New York, NY 10020
Telephone: 212.307.5500
Facsimile: 212.307.5598

Melissa C. McLaughlin (SBN 273619)
Email: mcmclaughlin@venable.com
750 East Pratt Street
Baltimore, MD 21202
Telephone: 410.244.7400
Facsimile: 410.244.7742

Attorneys for Plaintiff
ACADEMY OF TELEVISION ARTS & SCIENCES FOUNDATION

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ACADEMY OF TELEVISION ARTS & SCIENCES FOUNDATION, a California nonprofit corporation,

Plaintiff,

v.

TAYLOR MORDEN, an individual citizen of the State of Oregon; ZEKE KAMM, an individual citizen of the State of Oregon; and THE LAST BLOCKBUSTER MOVIE LLC, an Oregon limited liability company,

Defendants.

CASE NO. ____________________

**COMPLAINT FOR:**

**1. Copyright Infringement**
**2. Trademark Infringement**
**3. Trademark Counterfeiting**
**4. False Designation of Origin**
**5. Unfair Competition**

**JURY TRIAL DEMANDED**

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## THE PARTIES

1. Plaintiff Academy of Television Arts & Sciences Foundation ("Foundation") is a California nonprofit corporation with offices in Los Angeles. It is the charitable arm of the Academy of Television Arts & Sciences, which presents the Emmy Awards each year.

2. Defendant Taylor Morden is an individual citizen and resident of the State of Oregon and has been at all relevant times a member of The Last Blockbuster Movie LLC.

3. Defendant Zeke Kamm is an individual citizen and resident of the State of Oregon and has been at all relevant times a member of The Last Blockbuster Movie LLC.

4. Defendant The Last Blockbuster Movie LLC is an Oregon limited liability company resident in Oregon and formed to create and distribute the movie *The Last Blockbuster*.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the Foundation's copyright and trademark claims, *inter alia*, pursuant to 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over the Foundation's unfair competition claim pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over each Defendant because each Defendant has transacted business within this State, has committed torts within this State, and has committed torts outside this State that have caused injury within this State.

7. Venue is proper in this judicial District, *inter alia*, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Foundation's claims occurred in this District and because a substantial part of property that is the subject of the action is situated in this District. Venue is

also proper pursuant to 28 U.S.C. § 1400(a) because Defendants' distribution agents reside or may be found in this District.

## FACTUAL BACKGROUND

### The Interviews Program

8. The Foundation is the nonprofit, charitable arm of the Academy of Television Arts & Sciences. The Foundation conducts a variety of educational and preservation programs, including the College Television Awards, the Media Educators Conference, and most importantly in this matter *The Interviews: An Oral History of Television* ("The Interviews").

9. The Interviews is a collection of long-form interviews of leading actors, directors, innovators, and executives who have helped create and define the medium of television. The Foundation conducts, edits, and publishes The Interviews itself, making these historical documents available through its website, https://interviews.televisionacademy.com, and through its YouTube channel, https://www.youtube.com/c/FoundationINTERVIEWS. Over the past 25 years, the Foundation has created and made available nearly 1,000 interviews as part of this program.

10. This oral history is available for viewing for free by everyone from scholars to fans. In addition, segments of interviews may be licensed from the Foundation by filmmakers and others for a fee. The Foundation makes this clear both at its website and at its YouTube channel.

11. The landing page for The Interviews website contains a prominent link titled "License Our Clips", as shown here:

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900




12. The landing page for the Foundation's YouTube page contains the prominent notice "For information about licensing and attribution, contact interviews@televisionacademy.com", as shown here:

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900




13. The Foundation has granted hundreds of clip licenses for segments from The Interviews over the past 10 years. Most of the licensed clips are less than a minute in length. The cost per license varies depending on use of the material, but the standard rate currently offered by the Foundation is $6,000 for up to one minute of video.

14. The revenue from this licensing is important to support the nonprofit work of the Foundation.

15. One of the interviews available as part of The Interviews program is that of late Viacom Chairman Sumner Redstone, conducted in November 2000. The Foundation makes the full interview available here: https://interviews.televisionacademy.com/interviews/sumner-redstone. The Foundation has registered its copyright in the interview, and a copy of U.S.

Copyright Registration No. PA 2-360-697 is attached hereto as Exhibit A. Clips from the Redstone interview are also available on the Foundation's YouTube channel.

**The ARCHIVE OF AMERICAN TELEVISION Trademark**

16. The Foundation owns the federally registered trademark ARCHIVE OF AMERICAN TELEVISION for "Educational and entertainment services in the nature of a database of video and/or audio taped interviews with actors, writers, producers, directors, crafts, executives and other people who created television or contributed to the development of television, such database being accessible through various electronic media". A copy of U.S. Trademark Registration No. 2,409,697 for this mark is attached hereto as Exhibit B. This registration is incontestable pursuant to 15 U.S.C. § 1065.

17. The Foundation began using this mark in 1996, applying it like a logo or watermark on the video made available through The Interviews program. An example from the Redstone interview is shown here:




VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

18. The Foundation began using the new trademark THE INTERVIEWS (U.S. Trademark Registration No. 5,938,611) for this same purpose in 2017. However, the Foundation continues to use the earlier trademark to identify the source of video content made available prior to 2017.

19. Lawful licensees of material from The Interviews receive from the Foundation a high-resolution copy of the video content they have licensed. It is a matter of negotiation with licensees whether the Foundation's trademark will appear on the video or in end credits. Among the issues considered by the Foundation is whether the licensee's use of the video will be in a manner that is critical of the interviewee. Generally, the Foundation does not wish to lend its imprimatur to negative portrayals of its interviewees because that would be a disincentive to future interviewees to participate in the program.

**Defendants' Infringing and Unfair Conduct**

20. Defendant Taylor Morden ("Morden") was the director of the movie *The Last Blockbuster*.

21. Defendant Zeke Kamm ("Kamm") was the writer and producer of the movie *The Last Blockbuster*.

22. Defendant The Last Blockbuster Movie LLC ("TLBM"), which is owned by Morden and Kamm, is a company formed by them to create and distribute the movie *The Last Blockbuster*.

23. Defendants engaged 1091 Media, LLC (d/b/a 1091 Pictures), a Delaware limited liability company based in Los Angeles and New York, as their agent to arrange for distribution of the movie *The Last Blockbuster*.

24. Defendants licensed Netflix, Inc., a Delaware corporation with offices in Los Angeles, as their agent to distribute the movie *The Last Blockbuster*. The movie is currently available nationwide, including in this District, on the Netflix streaming service.

25. *The Last Blockbuster* is a movie about the rise and fall of the Blockbuster video rental chain, thematically anchored by the story of the sole remaining Blockbuster location in the United States.

26. The Blockbuster video rental chain was at one time owned/franchised by Viacom, and *The Last Blockbuster* lays blame for the collapse of the chain with Viacom and its then-Chairman Sumner Redstone.

27. Defendants use two clips from the Foundation's Redstone interview in their movie. Upon information and belief, Defendants copied the clips from the Foundation's YouTube channel.

28. Defendants did not seek or obtain a license from the Foundation to use the clips, notwithstanding the prominent notices of their need to do so. This is willful copyright infringement.

29. Defendants also use and display the Foundation's registered trademark ARCHIVE OF AMERICAN TELEVISION in their film, as though the Foundation had authorized their use of its footage and as though the Foundation approved of their negative portrayal of Viacom and Redstone.

30. This is likely to cause confusion, mistake, and deception as to the source, sponsorship, and/or approval of Defendants' movie, and in particular, the relevant public is likely to believe that the Foundation is associated with Defendants when it is not. This is willful trademark infringement, trademark counterfeiting, and false designation of origin.

31. Defendants' conduct puts at risk the Foundation's relationships with media companies and individuals who may (or may not) support the future work of the Foundation or agree to future interviews.

32. The Foundation takes no position with respect to the collapse of the Blockbuster video rental chain or any persons who may have been associated with it, but the Foundation must object to any third party attempting to create a false impression of its sponsorship or approval of any good, service, or position.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

33. Defendants' conduct constitutes unfair competition, including unlawful, unfair, and fraudulent business acts and practices and comprising deceptive, untrue, and misleading advertising.

34. The Foundation has suffered economic injury and monetary harm as a result of Defendants' unlawful conduct.

35. The Foundation has suffered reputational harm as a result of Defendants' unlawful conduct.

36. Defendants have profited and have been unjustly enriched by their unlawful conduct.

**Notice to Defendants and Continued Infringement**

37. The actions of Defendants alleged herein were taken willfully, knowingly, and either with the intent to harm the Foundation or with deliberate disregard of the probability of doing so.

38. The Foundation wrote to Morden when it learned of *The Last Blockbuster* and offered to discuss licensing terms.

39. Neither Morden nor any other Defendant responded.

40. The Foundation wrote again to Morden when it received no response to its first letter, this time closing with the warning: "While we welcome the opportunity to license this content to you, we will have to refer this matter to our counsel if we cannot establish direct communication with you."

41. Neither Morden nor any other Defendant responded.

42. The Foundation wrote a third and final time to Morden providing a deadline for Defendants to respond before the matter would be referred to outside counsel.

43. This time, Defendants responded through counsel admitting that they copied and distributed without authorization clips from the Foundation's Redstone interview but arguing that their conduct was a fair use under copyright law.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

44. The Foundation referred the matter to its outside counsel who responded with a letter firmly rejecting Defendants' position. Counsel pointed out that the Foundation had created a well-established market to license clips from The Interviews and that if Defendants' position were adopted by others it would destroy that market. Counsel quoted the U.S. Supreme Court's observation that the effect on the market for a work is "the single most important element" of fair use analysis.

45. Defendants' counsel and the Foundation's counsel discussed by telephone whether a compromise might be reached to avoid litigation. Defendants' counsel indicated that Defendants could not afford the market rate for the Foundation's standard clip license, notwithstanding their Netflix deal. The Foundation agreed in principle to consider a below-market license fee if it could contain the extent of Defendants' infringement. The Foundation's counsel sent a draft settlement agreement to Defendants' counsel to further negotiations.

46. Defendants' counsel made significant revisions to the draft agreement, removing representations and warranties that promised Defendants' infringement was limited to the Netflix platform, that Defendants had not authorized distribution of copies of the movie (as distinguished from streaming), and that Defendants did not have additional distribution and revenue opportunities planned.

47. The Foundation's counsel responded to Defendants' counsel that the revisions were not acceptable and inquired whether Defendants would insist on the revisions. Defendants' counsel responded that they would. This action followed.

48. Defendants' conduct constitutes willful copyright and trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition.

49. Defendants' conduct has persisted to this day despite notice and a demand to cease and desist.

50. The Foundation has no adequate remedy at law.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

**Personal Liability of Morden and Kamm**

51. Each of Morden and Kamm personally directed and personally benefitted from the tortious actions set forth herein.

52. Each of Morden and Kamm is vicariously liable for the torts set forth herein because each had ability to supervise the tortious conduct and a financial interest in the results of the tortious conduct.

53. Upon information and belief, TLBM is the alter ego of each of Morden and Kamm who have a unity of interest and ownership with the company, such that TLBM should be disregarded as a business entity.

54. Upon information and belief, TLBM does not observe corporate formalities, does not conduct annual meetings, and does not have records of board votes to conduct its activities.

55. Upon information and belief, TLBM has no owners or employees other than Morden and Kamm.

56. Upon information and belief, TLBM is significantly undercapitalized.

57. Upon information and belief, Morden and Kamm comingle their finances with those of TLBM.

58. TLBM is not licensed to do business in California.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement)**

59. The Foundation realleges and incorporates by reference all the allegations above as though fully set forth herein.

60. The Foundation owns a valid, registered copyright in its Redstone interview.

61. Defendants' conduct as alleged herein violates the Foundation's exclusive rights set forth in 17 U.S.C. § 106, including without limitation the rights to reproduce, distribute, perform, display, and prepare derivative works of the Foundation's interview.

62. Defendants are liable for copyright infringement under 17 U.S.C. § 501, and their infringement is willful.

63. The Foundation is entitled to injunctive relief and monetary relief in an amount to be proved at trial.

**SECOND CLAIM FOR RELIEF**

**(Trademark Infringement)**

64. The Foundation realleges and incorporates by reference all the allegations above as though fully set forth herein.

65. The Foundation owns the trademark ARCHIVE OF AMERICAN TELEVISION. Its trademark is registered with the U.S. Patent and Trademark Office and is incontestable.

66. Defendants' conduct as alleged herein constitutes trademark infringement in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

67. The Foundation is entitled to injunctive relief and monetary relief in an amount to be proved at trial.

68. Defendants' infringement is willful, rendering this case exceptional within the meaning of 15 U.S.C. § 1117(a). As a result, the Foundation is entitled to recover treble damages and its attorneys' fees.

**THIRD CLAIM FOR RELIEF**

**(Trademark Counterfeiting)**

69. The Foundation realleges and incorporates by reference all the allegations above as though fully set forth herein.

70. The Foundation owns the trademark ARCHIVE OF AMERICAN TELEVISION. Its trademark is registered with the U.S. Patent and Trademark Office and is incontestable.

71. Defendants' conduct as alleged herein constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

72. The Foundation is entitled to injunctive relief and monetary relief in an amount to be proved at trial.

73. The Foundation is entitled to treble damages and an award of its attorneys' fees as provided in 15 U.S.C. § 1117(b).

74. The Foundation is entitled to statutory damages of $2,000,000 as provided in 15 U.S.C. § 1117(c) and will elect before final judgment whether to recover its actual damages or statutory damages.

**FOURTH CLAIM FOR RELIEF**

**(False Designation of Origin)**

75. The Foundation realleges and incorporates by reference all the allegations above as though fully set forth herein.

76. The Foundation owns the trademark ARCHIVE OF AMERICAN TELEVISION. Its trademark is registered with the U.S. Patent and Trademark Office and is incontestable.

77. Defendants' conduct as alleged herein constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

78. The Foundation is entitled to injunctive relief and monetary relief in an amount to be proved at trial.

79. Defendants' infringement is willful, rendering this case exceptional within the meaning of 15 U.S.C. § 1117(a). As a result, the Foundation is entitled to recover treble damages and its attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

**(Unfair Competition)**

80. The Foundation realleges and incorporates by reference all the allegations above as though fully set forth herein.

81. Defendants' conduct as alleged herein constitutes unfair, unlawful, and fraudulent conduct within the meaning of California Business & Professions Code § 17200 *et seq*., including false advertising under § 17500 *et seq*.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

82. The Foundation is entitled to injunctive relief and monetary relief in an amount to be proved at trial.

83. The Foundation is entitled to recover its attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, the Foundation prays for judgment as follows:

1. For an adjudication that Defendants have infringed the Foundation's copyright in its Sumner Redstone interview;

2. For an adjudication that Defendants have infringed the Foundation's ARCHIVE OF AMERICAN TELEVISION trademark;

3. For an adjudication that Defendants are liable for trademark counterfeiting in relation to the Foundation's ARCHIVE OF AMERICAN TELEVISION trademark;

4. For an adjudication that Defendants engaged in false designation of origin in relation to the Foundation's ARCHIVE OF AMERICAN TELEVISION trademark;

5. For an adjudication that Defendants are liable for unfair competition under the laws of the State of California;

6. For an injunction barring each Defendant and all persons acting in concert with any of them and all other persons receiving notice thereof from reproducing, distributing, performing, displaying, or preparing derivative works of any version of the movie *The Last Blockbuster* that contains any portion of the Foundation's interview of Sumner Redstone;

7. For an injunction barring each Defendant and all persons acting in concert with any of them and all other persons receiving notice thereof from using the Foundation's trademark ARCHIVE OF AMERICAN TELEVISION in or in connection with the movie *The Last Blockbuster*;

8. For an award of the Foundation's actual damages;

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

9. For an award of Defendants' profits and any other unjust enrichment received by any of them in connection with their tortious conduct as set forth herein;

10. For an award trebling the monetary damages awarded to the Foundation;

11. In the alternative to the Foundation's actual damages, for an award of statutory damages for trademark counterfeiting in the maximum amount permitted by 15 U.S.C. § 1117(c);

12. For an award of the Foundation's costs of suit, including its attorneys' fees, to the maximum extent permitted by law;

13. For an award of interest as provided by law; and

14. Such other and further relief as the Court deems just and appropriate.

Dated: October 12, 2022 VENABLE LLP

By: /s/ Ben D. Whitwell
Ben D. Whitwell
Eric A. Prager
Melissa C. McLaughlin
Attorneys for Plaintiff
ACADEMY OF TELEVISION ARTS & SCIENCES FOUNDATION

**DEMAND FOR JURY TRIAL**

Plaintiff Academy of Television Arts & Sciences Foundation hereby demands a trial by jury.

Dated: October 12, 2022

VENABLE LLP

By: /s/ Ben D. Whitwell

Ben D. Whitwell
Eric A. Prager
Melissa C. McLaughlin
Attorneys for Plaintiff
ACADEMY OF TELEVISION ARTS & SCIENCES FOUNDATION

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900